833 F.2d 1023
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Elvin W. GRANT, Petitioner,
v.
DEPARTMENT OF TRANSPORTATION, Respondent.
 No. 87-3294.
 United States Court of Appeals, Federal Circuit.
 Oct. 20, 1987.
 
 Before RICH, DAVIS, and ARCHER, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 The decisions of the Merit Systems Protection Board (Board), Docket Nos. AT03518610463 and AT043284C9031, the first sustaining petitioner's demotion through reduction in force and the second affirming that the agency was in compliance with a prior Board decision ordering the agency to cancel its prior removal of petitioner, are affirmed.
 
 OPINION
 
 2
 Petitioner contends that the agency's reduction in force was not bona fide because the agency did not establish that the reduction in force was undertaken for an appropriate management consideration. Moreover, petitioner asserts that the reduction in force was done for improper personal motives.
 
 
 3
 An agency has wide discretion in conducting a reduction in force. We will not disturb such an action absent a clear abuse of discretion or a substantial departure from agency procedures. If the agency proves that the reduction in force regulations were invoked for a legitimate reason and that those regulations were properly applied to the individual employees, the agency action will be sustained. Gandola v. Federal Trade Commission, 773 F.2d 308, 313 (Fed.Cir.1985).
 
 
 4
 Reorganization is a legitimate reason for a reduction in force. See 5 C.F.R. Sec. 351.201(a). The Administrative Judge (AJ) found that the reduction in force was undertaken pursuant to a bona fide reorganization which resulted from recommendations contained in a March, 1983 study of the agency's operations. The AJ found that the specific decision to convert petitioner's old position of Chief, Non-Appropriated Fund Activities Division, to a military billet was consistent with that study and the overall reorganization of the division. These findings are supported by substantial evidence and we will not overturn them.
 
 
 5
 It is true that a reduction in force may not be used as a disguised adverse action to remove or demote a particular employee. Gandola, 773 F.2d at 312. We cannot say, however, that the facts petitioner relies on--principally consisting of references to him in agency documents--are sufficient to overcome the agency's proof that the reorganization was carried out for bona fide management considerations. Indeed, the AJ specifically found that the reduction in force was not personal to petitioner in the sense that it was improperly motivated.
 
 
 6
 Petitioner also challenges the agency's definition of the competitive area for the reduction in force. Petitioner has not convinced us, however, that the agency abused its discretion in defining the competitive area in this case. Cf. Grier v. Dept. of Health and Human Services, 750 F.2d 944, 946 (Fed.Cir.1984). Accordingly, in view of the substantial evidence presented, and the agency's compliance with applicable regulations, we affirm the decision that the reduction in force regulations were duly invoked and properly applied to petitioner.
 
 
 7
 Petitioner's other major contention is that the agency failed to comply with a Board order of December 6, 1984, cancelling his prior termination. Petitioner correctly states that this order entitled him to be placed as nearly as possible in the status quo ante. See Kerr v. National Endowment for the Arts, 726 F.2d 730, 733 (Fed.Cir.1984). However, legitimate agency actions taken during the pendency of an appeal by a former incumbent may be taken into account in determining the issue of compliance. Washington v. Tennessee Valley Authority, 22 MSPR 377 (1984), aff'd, 770 F.2d 180 (Fed.Cir.1985); Higashi v. Department of the Army, 26 MSPR 330 (1985). The AJ found that petitioner's position was abolished pursuant to a bona fide reorganization while he was appealing his removal. The AJ further found that the agency was under no obligation to alter its conversion of petitioner's former position to a military billet and that petitioner was placed as nearly as possible in the status quo ante. These findings are supported by substantial evidence. Finally, an employee who has been successful in an appeal to the Board is not insulated from bona fide agency actions taken subsequent to reinstatement. Cook v. United States Postal Service, 30 MSPR 671 (1986). Therefore, the subsequent reduction in force, being bona fide, did not take the agency out of compliance with the Board's earlier order.