NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3071

ALTON L. WHITE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Alton L. White, of College Park, Georgia, pro se.

Kenneth S. Kessler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Donald Kinner, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3071

ALTON L. WHITE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in AT0752050119-C-3.

_____

DECIDED:  June 6, 2008

_____

Before SCHALL and PROST, <u>Circuit Judges</u>, and WARD, <u>District Judge</u>.<sup>*</sup>

PER CURIAM.

## DECISION

Alton L. White petitions for review of the final decision of the Merit Systems Protection Board ("Board") that found the Department of the Army in compliance with the Board's prior decision that reversed Mr. White's removal for failure to maintain his membership in the Army reserves—a condition of his civilian employment with the Army.  <u>White v. Dep't of the Army</u>, No. AT-0752-05-0119-C-3 (M.S.P.B. Sept. 21, 2007). We <u>affirm</u>.

---

<sup>*</sup>        Honorable T. John Ward, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

DISCUSSION

I.

Mr. White was appointed to a position as a Logistics Management Specialist with the Army on April 23, 2000. That position required him to maintain both (1) membership in the Selective Reserve and (2) a valid security clearance. On September 3, 2003, Mr. White was reassigned from the Selective Reserve to the Retired Reserve because he was twice passed over for promotion. His transfer to the Retired Reserve was completed on July 15, 2004. Subsequently, the Army determined that Mr. White did not meet all of the requirements for the position of Logistics Management Specialist because of his transfer to the Retired Reserve, and it removed him from that position effective October 15, 2004. Mr. White appealed his removal to the Board.

While his appeal was pending before the Board, the Army determined that he should have been promoted and that he was improperly transferred from the Selective Reserve to the Retired Reserve. As a consequence of this decision, the administrative judge ("AJ") to whom Mr. White's appeal was assigned determined that the reason for the Army's removal action was no longer valid. White v. Dep't of the Army, No. AT-0752-05-0119-C-3, slip op. at 4–5 (M.S.P.B. Sep. 13, 2005) (White I). The AJ ordered the Army to do two things: (1) retroactively restore Mr. White to employment effective October 15, 2004, and (2) pay Mr. White "the appropriate amount of back pay." Id. at 5. The AJ's decision became final when neither party filed a petition for review with the Board.

Thereafter, the Army learned that Mr. White's security clearance had been suspended. Thus, while Mr. White was a member of the Selective Reserve and

satisfied that condition for the position of Logistics Management Specialist, he no longer satisfied the requirement that he have a valid security clearance. The record reflects that Mr. White's security clearance was suspended prior to his removal in October of 2004. Accordingly, the Army retroactively restored Mr. White to the Army's rolls of employees effective October 15, 2004, but it immediately placed him in a non-duty, non-pay status pending the outcome of an investigation into his security clearance. The Army also denied his claim for back pay because he was not "ready, willing, and able" to perform the duties of his previous position. See 5 C.F.R. § 550.805(c)(1).

II.

On April 6, 2006, Mr. White filed a Petition for Enforcement of the AJ's order. The AJ determined that the Army was in compliance with the earlier order even though it had placed Mr. White in a non-duty, non-pay status. White v. Dep't of the Army, No. AT-0752-05-0119-C-3, slip op. at 8 (M.S.P.B. Aug. 3, 2006) (White II). The AJ reasoned that a restored employee is not entitled to be placed in a better position than he would have been in if he had not been removed. Id. at 3. In other words, even if Mr. White had not been the subject of a removal action, he would have been placed in a non-duty, non-pay status because of the suspension of his security clearance. The AJ also agreed that the Army properly calculated Mr. White's back pay based on the requirements of 5 C.F.R. § 550.805(c)(1), which provides back pay cannot include pay for any periods during which the restored employee was not "ready, willing, and able to perform his or her duties." Id. at 7.

The Board denied Mr. White's petition for review, and an appeal to this court ensued. White v. Dep't of the Army, No. 2007-3135 (Fed. Cir. Oct. 5, 2007) (White IV).

Prior to our consideration of his appeal, Mr. White's security clearance was reinstated effective September 20, 2006. In a letter dated October 30, 2006, the Army offered to return him to pay status in his former position effective September 20, 2006. Id., slip op. at 3–4. The Army informed Mr. White, however, that his former position had been relocated from Ft. Gillem, Georgia, to Birmingham, Alabama as of December 12, 2004. Id. at 4. On November 2, 2006, Mr. White informed the Army that he was unwilling to relocate, and he was subsequently removed effective January 5, 2007. Id.

On appeal to this court, Mr. White argued (1) that the Army violated the AJ's order in White I by temporarily placing him in a non-duty, non-pay status; (2) that he was entitled to back pay calculated from his removal on October 1, 2004; and (3) that his position was not properly relocated to Birmingham. We rejected the first contention because "the undisputed evidence of record [was] that Mr. White did not satisfy all of the requirements for the position of Logistics Management Specialist between October 15, 2004 and August 3, 2006, the date the AJ rendered her decision." Id. at 5. With respect to the second argument, we determined that the AJ erred in concluding that Mr. White was not eligible to receive back pay because he was not "ready, willing, and able to perform his . . . duties" as required by 5 C.F.R. § 550.805(c)(1). Id. That provision, we held, only applied where an employee is unable to work because of "an incapacitating illness or injury." Id. at 6. Nevertheless, we concluded that Mr. White was not eligible to receive back pay under 5 C.F.R. § 550.805(c)(2) because he was "unavailable for the performance of his . . . duties"—i.e., because he did not possess a valid security clearance. Id. Finally, we declined to consider Mr. White's arguments relating to the relocation of his position to Birmingham, since those arguments were the

subject of a separate Petition for Enforcement that was then pending before the Board. Id. at 6–7.

III.

On February 2, 2007, Mr. White filed a second Petition for Enforcement of the order in White I. Specifically, he argued that the Army did not, in offering him the position in Birmingham, restore him to the status quo ante. He also argued that the Army's transfer of his position was improper because the Army was required to notify—but did not notify—his union of the relocation so that the relocation could be negotiated. Finally, Mr. White contended that he was entitled to back pay for the period of September 20, 2006, to January 5, 2007, because he was "ready, willing, and able" to perform the functions of his position during that time period and because he would have done so had his position not been relocated.

The AJ issued a decision on May 8, 2007, concluding that the Army was in compliance with the order White I. The AJ determined that Mr. White was, in fact, returned to the status quo ante because the Army returned him to his former position, which had been moved for reasons unrelated to his removal. White v. Dep't of the Army, No. AT-0752-05-0119-C-3, slip op. at 5 (M.S.P.B. May 8, 2007) (White III). The AJ also determined that the alleged failure of the Army to provide notice to Mr. White's union was "not a basis for voiding the relocation of the position in this action." Id. Finally, the AJ denied Mr. White's claims for back pay, noting that he was only in a non-pay status for the period of November 3, 2006, to January 5, 2007, and that during that period, he was not "ready or willing to report to work in his former position" because he had refused to report for work in Birmingham. Id. at 5–6. Mr. White petitioned for Board

review of the AJ's decision, which was denied on September 21, 2007. The AJ's initial decision thereby became the final decision of the Board. We have jurisdiction over Mr. White's appeal pursuant to 28 U.S.C. § 1295(a)(9).

IV.

Our jurisdiction to review Board decisions is limited by statute. We must affirm a Board decision unless we find that it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c).

On appeal, Mr. White essentially makes the same three arguments that he raised before the Board in his second Petition for Enforcement. He contends (1) that the Army failed to restore him to the status quo ante by offering him his former position at a different duty location, (2) that the Army's procedures for changing his duty station were improper because it failed to provide timely notice of the relocation to him and his union and (3) that the Army owes him "back pay and all benefits from approximately December 2004 until 5 January 2007." We have considered Mr. White's arguments, but we conclude that the Board's decision is supported by substantial evidence and is otherwise in accordance with the law.

In determining whether an agency has complied with a restoration order, the Board must determine whether the agency has placed the employee "as nearly as possible in the status quo ante," Kerr v. Nat'l Endowment for the Arts, 726 F.2d 730, 733 (Fed.Cir.1984), which requires "restoration of the situation, as nearly as possible, to that which would have obtained but for" the agency's wrongful action, id. (citing Phelps

<u>Dodge Corp. v. Nat'l Labor Relations Bd.</u>, 313 U.S. 177 (1941)). Here, substantial evidence supports the decision of the Board that Mr. White's position as a Logistics Management Specialist was moved to Birmingham for reasons unrelated to Mr. White's removal. <u>White III</u>, slip op. at 5. The AJ determined that the relocation occurred in 2004 as part of a nationwide transition of programs within the U.S. Army Reserve Command. Even if Mr. White had never been removed, his position would have been relocated to Birmingham. Thus, the Board did not err in concluding that the Army had restored Mr. White to the <u>status</u> <u>quo</u> <u>ante</u> by offering him his former position, despite the intervening change in that position's geographic location. <u>See</u> <u>Grant v. Dep't of Transp.</u>, 833 F.2d 1023, 1987 WL 38745 (Fed. Cir. 1987).

Mr. White's arguments that the relocation was procedurally improper also lack merit. The Army was not required to notify Mr. White of the relocation in 2004, as it is undisputed that he was not eligible to resume his position until his security clearance was reinstated in September of 2006. In other words, at the time the position of Logistics Management Specialist was relocated to Birmingham, Mr. White was not employed in that position. Therefore, the Army had no duty to notify him that the position was being moved. Further, we do not interpret the collective bargaining agreement negotiated between Mr. White's union and the Army as requiring the Army to provide notice of job relocation to the union independent of whether there is an affected employee who is entitled to notice.[1]

---

[1] Although Mr. White has not identified a particular provision of the collective bargaining agreement that he contends was violated by the alleged lack of notice provided to his union, we gather that he relies upon ARTICLE 12, which provides: "Prior to official notification of employees and at the earliest practicable date, the Union will be notified of any pending . . . transfer of function affecting bargaining unit

Finally, we conclude that Mr. White is not entitled to any back pay. Our prior opinion held that "[Mr.] White is not entitled to back pay for the period between October 15, 2004 and the time that his security clearance was restored [on September 20, 2006]." White IV, slip op. at 5. As far as the remaining period of time at issue is concerned, Mr. White was only placed in a non-pay status from November 3, 2006, the day after he declined to relocate, to January 5, 2007, the date of his removal. The AJ concluded that Mr. White was not entitled to back pay for this period of time because "his actions demonstrated that he was not ready or willing," under 5 C.F.R. § 550.805(c)(1), "to report to work in his former position." White III, slip op. at 6. We conclude that Mr. White is not entitled to back pay from November 3, 2006, to January 5, 2007, for a different reason.

Section 550.805(c)(1), upon which the AJ relied, is part of 5 C.F.R. § 550.805(c), a regulation which sets forth what time shall not be included in calculating an employee's back pay, where the employee is otherwise entitled to back pay. In this case, section 550.805(c) did not come into play, however. Back pay is only available to employees that have been "affected by an unjustified or unwarranted personnel action." 5 U.S.C. § 5596(b)(1); see also 5 C.F.R. § 550.805(a). Here, Mr. White was not entitled to back pay in the first instance. He refused to relocate to his new duty station in Birmingham, and neither the Army's subsequent placement of him in absent-without-leave status on November 3, 2006, nor its ultimate removal of him on January 5, 2007,

employees." We express no opinion on whether the relocation of Mr. White's then-former position as Logistics Management Specialist was a "transfer of function" under the agreement.

have been shown to be "unjustified or unwarranted." The predicate for entitlement to back pay thus is lacking.

Because the Board's decision to deny Mr. White's second Petition for Enforcement is supported by substantial evidence and is otherwise in accordance with law, it is affirmed.